**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AGUSTIN MARTINEZ-VILLA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-73407

Agency No. A070-710-730

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Agustin Martinez-Villa, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for cancellation of

removal, asylum, withholding of removal, and relief under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and de novo questions of law, *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

Because Martinez-Villa did not argue to the BIA that his conviction for possession for sale of methamphetamine did not constitute an aggravated felony, we lack jurisdiction to consider this new challenge. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (claim raised in notice of appeal but not pursued in the later-filed brief to the BIA is not properly exhausted). Accordingly his cancellation of removal and asylum claims fail.

We also lack jurisdiction to consider Martinez-Villa's new claim that the agency applied the wrong legal standard when it determined his drug trafficking conviction presumptively constituted a particularly serious crime because he failed to raise this challenge to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In addition, the record indicates that he conceded his conviction is a drug trafficking crime that triggers the presumption it is a particularly serious crime. *See Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is

an aggravated felony."); *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 945-50 (9th Cir. 2007) (aggravated felonies involving unlawful trafficking in controlled substances presumptively constitute particularly serious crimes). Accordingly, he is statutorily ineligible for withholding of removal and withholding of removal under CAT. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

To the extent Martinez-Villa contends the BIA abused its discretion in applying the presumption related to drug trafficking offenses, his challenge does not raise a colorable question of law over which this court has jurisdiction. *See* 8 U.S.C. §§ 1252(a)(2)(C) and (D); *see also Pechenkov v. Holder*, No. 08-73287, 2012 WL 5995430 (9th Cir. Dec. 3, 2012).

Finally, substantial evidence supports the BIA's denial of deferral of removal under CAT because Martinez-Villa did not establish it is more likely than not that he would be tortured by the Mexican government or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**