Opinion by Judge GRABER; Concurrence by Judge GRABER.
*446 OPINION
GRABER, Circuit Judge:
Petitioner Mikhail G. Pechenkov seeks review of a decision of the Board of Immigration Appeals (“BIA”) adopting and affirming an immigration judge’s (“IJ”) denial of his application for withholding of removal. Petitioner argues that the BIA abused its discretion in ruling that he was ineligible for withholding of removal because he had been convicted of a “particularly serious crime” within the meaning of 8 U.S.C. § 1231(b)(3)(B)(ii). Petitioner also raises a constitutional challenge to the legal provisions precluding adjustment of his immigration status. He argues that he is eligible for adjustment of status because his asylee status was revoked improperly, under a regulation that purportedly contradicts relevant statutory authority. We dismiss, for lack of jurisdiction, Petitioner’s challenge to the “particularly serious crime” determination, and we deny his petition with regard to the application to adjust status.
Petitioner, a native and citizen of Russia, was admitted to the United States in 1992. He filed an application for asylum, which was granted. After he obtained asylee status, Petitioner was convicted of felony assault with a deadly weapon or force likely to produce great bodily injury, in violation of California Penal Code section 245(a)(1) (1993); his penalty included a suspended sentence of three years, felony probation for three years, 248 days in jail, and restitution.
After his conviction, Petitioner filed an application, pursuant to 8 U.S.C. § 1159(b), to adjust his status to that of a lawful permanent resident. That application was denied because, under 8 U.S.C. § 1182(a)(2)(A)(i)(I), conviction of a crime involving “moral turpitude” renders an alien inadmissible. In denying the application, the immigration authority[1] also expressly determined that Petitioner was not entitled to a waiver under 8 U.S.C. § 1159(c), which allows waiver of certain bars to admissibility “for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest.”
Petitioner’s asylee status was later revoked pursuant to 8 C.F.R. § 208.24(a), because he was no longer eligible for asylum after his conviction. Soon after revoking Petitioner’s asylee status, the immigration authority commenced removal proceedings against him. The Notice to Appear alleged that Petitioner had, after being admitted as a crewman, remained in the United States longer than permitted, making him removable under 8 U.S.C. § 1227(a)(1)(B).
Petitioner then applied for withholding of removal, relief that is one of the two subjects of this petition for review.[2] In 2000, Petitioner filed a new application to adjust his status, including an application for waiver of inadmissibility. That application is the other subject of this petition.
At a hearing in early 1999, Petitioner admitted the factual allegations in his Notice to Appear and conceded his removability. In 2005, the government added an additional basis of removability, arguing *447 that Petitioner’s conviction was for an aggravated felony, making him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Petitioner contested the additional basis of re-movability, but the IJ sustained the charge, finding expressly that Petitioner’s conviction qualified as an aggravated felony.
In addressing Petitioner’s withholding of removal application, the IJ noted that 8 U.S.C. § 1231(b)(3), which provides for withholding of removal, does not apply to an alien who, “having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community.”[3] After considering and weighing several factors, the IJ determined that Petitioner’s crime qualified as a “particularly serious crime” and that Petitioner was a danger to the community. For that reason, the IJ denied withholding of removal.
Regarding the adjustment of status application, the government argued that Petitioner was ineligible to apply for such relief after his asylee status had been revoked. In response, Petitioner filed a short brief that the IJ construed as conceding ineligibility for adjustment of status. Nevertheless, Petitioner continued to argue that the revocation of his asylee status was constitutionally defective. Regarding that argument, the IJ’s final decision notes a lack of “jurisdiction to review the termination of the [Petitioner’s] asylum status.”
Petitioner appealed to the BIA, which adopted the IJ’s opinion. Petitioner’s brief to the BIA did not challenge the aggravated felony finding or that ground of removability.
In adopting the IJ’s opinion, the BIA reiterated that Petitioner was ineligible for withholding of removal because he had been convicted of a particularly serious crime. With respect to the application to adjust status, the BIA noted that it lacked jurisdiction to consider Petitioner’s constitutional arguments regarding the revocation of his asylee status. Petitioner timely seeks review, challenging (1) the BIA’s evaluation of the factors supporting the “particularly serious crime” finding that precluded withholding and (2) the constitutionality of the regulation under which his asylee status was revoked. Petitioner does not dispute that he is removable for having been convicted of an aggravated felony.
At the outset, the government asserts that we lack jurisdiction over this petition, citing the jurisdiction-stripping provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, § 306, 110 Stat. 3009-546, 3009-607. Specifically, 8 U.S.C. § 1252(a)(2)(C) provides:
Notwithstanding any other provision of law (statutory or nonstatutory), ... and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [among other crimes, an aggravated felony ].
(Emphasis added.) But subparagraph (D) of that same statute provides:
*448 Nothing in subparagraph ... (C) ... shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.
Subparagraph (D), added by the REAL ID Act of 2005, restored our jurisdiction over “constitutional claims or questions of law,” even in cases involving aggravated felons.[4] See Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (internal quotation marks omitted). We have described the cumulative effect of those two statutes as follows:
With respect to asylum, withholding of removal, and CAT claims of a petitioner who was convicted of an offense covered by § 1252(a)(2)(C), we have jurisdiction to review the denial of an asylum application and to review the denial of withholding of removal and CAT relief when a petitioner raises questions of law, including mixed questions of law and fact, or constitutional claims. Morales v. Gonzales, 478 F.3d 972, 978-80 (9th Cir.2007)[, abrogated on other grounds by Anayar-Ortiz v. Holder, 594 F.3d 673, 678 (9th Cir.2010) ]. Moreover, as to “factual issues, when an IJ does not rely on an alien’s conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions ... apply to divest this court of jurisdiction.” Id. at 980; see also Arteaga v. Mukasey, 511 F.3d 940, 942 n. 1 (9th Cir.2007).
Brezilien v. Holder, 569 F.3d 403, 410 (9th Cir.2009) (ellipsis in original).
That is, § 1252(a)(2)(C)’s jurisdictional bar is subject to two exceptions. The first exception in the quoted text—relating to questions of law or constitutional claims— is an application of § 1252(a)(2)(D). See Morales, 478 F.3d at 978. The second exception applies only when, as stated above, an IJ denies relief on the merits, for failure to demonstrate the requisite factual grounds for relief, rather than in reliance on the conviction. See Lemus-Galvan v. Mukasey, 518 F.3d 1081, 1083 (9th Cir.2008) (“If an IJ determines that an aggravated felony constitutes a ‘particularly serious crime,’ and denies withholding of removal under the CAT on the basis of the conviction, § 1252(a)(2)(C) bars our review of the denial of withholding.” (citing Unuakhaulu v. Gonzales, 416 F.3d 931, 937 (9th Cir.2005))).
As noted, Petitioner does not challenge that he is removable for having committed an aggravated felony, nor did he raise such a challenge before the BIA. Thus, unless an exception applies, we lack jurisdiction to review the denial of withholding. No exception applies in this case. Recently, we decided that a “particularly serious crime” determination is inherently discretionary and is to be reviewed under the abuse-of-discretion standard. Arbid v. Holder, 700 F.3d 379, 382-84 (9th Cir.2012) (per curiam). Thus, under Arbid, § 1252(a)(2)(D) cannot restore jurisdiction to review a “particularly serious crime” determination where, as here, the only challenge to that determination is that it incorrectly assessed the facts. Petitioner has not raised a constitutional or legal question in relation to the “particularly serious crime” determination; instead, he asks for a re-weighing of the factors involved in that discretionary determination. *449 Petitioner’s opening brief supports this characterization of his petition by framing the issue this way: “The IJ and the BIA abused their discretion in the ‘particularly serious crime’ analysis.” (Emphasis added.)
The second exception does not apply because the IJ in Petitioner’s case did not address the merits of his withholding claim. Instead, the IJ found Petitioner statutorily ineligible for that relief because the crime underlying his removability was particularly serious. Accordingly, we lack jurisdiction to review the “particularly serious crime” determination.
By contrast, we do have jurisdiction over Petitioner’s constitutional arguments regarding his application to adjust status and the revocation of his asylee status. Those arguments raise constitutional claims and questions of law, and so fall squarely within the ambit of § 1252(a)(2)(D). “We review de novo the BIA’s conclusions on questions of law....” Fregozo v. Holder, 576 F.3d 1030, 1034 (9th Cir.2009).
Petitioner concedes that his asylee status was revoked pursuant to 8 C.F.R. § 208.24(a)(2), but argues that the regulation is constitutionally defective for usurping or misconstruing congressional authority. We disagree. That regulation simply states that the immigration authority “may terminate a grant of asylum” when “one or more of the conditions described in [8 U.S.C. § 1158(c)(2)] exist.” Thus, the challenged regulation, by its very terms, simply refers to and incorporates the relevant statutory authority. Moreover, the statute, § 1158(c)(2), explicitly allows termination of asylum; in fact, the paragraph is titled “Termination of asylum.” See Fla. Dep’t of Revenue v. Piccadilly Cafeterias, Inc., 554 U.S. 33, 47, 128 S.Ct. 2326, 171 L.Ed.2d 203 (2008) (“[Statutory titles and section headings are tools available for the resolution of a doubt about the meaning of a statute.” (internal quotation marks omitted)). Petitioner does not and cannot dispute that his conviction created one of the statutory conditions for revocation of asylee status. Specifically, § 1158(c)(2)(A) and (B) allow termination of asylum if the alien is no longer eligible for asylum under § 1158(b), and § 1158(b)(2)(A)(ii) and (B)(i) operate to deny asylum eligibility to an individual who has been convicted of an aggravated felony. Accordingly, it is beyond dispute that revocation of Petitioner’s asylee status was consistent with congressional intent.
Petition DISMISSED in part and DENIED in part.

. We use the term "immigration authority” to avoid confusion arising from the federal government’s reorganization of immigration agencies during the pendency of this case. See generally United States v. Juvenile Female, 566 F.3d 943, 949 (9th Cir.2009) (describing the "dissolution of the Immigration and Naturalization Service ('INS’), and the creation of the Department of Homeland Security ('DHS')”).

. Petitioner also applied for asylum and protection under the Convention Against Torture, but he no longer seeks those forms of relief here.

. For the purposes of withholding of removal, 8 U.S.C. § 1231(b)(3)(B)(iv) states that
an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime.

. The REAL ID Act was enacted May 11, 2005, but the jurisdiction-restoring provision applies to cases, such as this one, "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.” REAL ID Act of 2005, Pub.L. No. 109-13, § 106(b), 119 Stat. 231, 311; accord Trejo-Mejia v. Holder, 593 F.3d 913, 915 (9th Cir.2010) (order).