**NOT FOR PUBLICATION**

MAR 21 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REMO NATANAWAN, | No. 07-71459 |
| Petitioner, | Agency No. A043-228-075 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Remo Natanawan, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  Our

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, and review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

Because Natanawan is removable as an alien convicted of a law relating to a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II), our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(C). Natanawan's contention that the agency erred in its determination that he had been convicted of a particularly serious crime does not raise a constitutional claim that would invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) (no jurisdiction to review "particularly serious crime" determination where the only challenge is that the agency incorrectly assessed the facts).

With regard to Natanawan's request for deferral of removal under CAT, substantial evidence supports the agency's determination that Natanawan failed to establish it is more likely than not that he would be tortured if he were returned to the Philippines. *See Wakkary*, 558 F.3d at 1068 (likelihood of torture not established where alien failed to offer any evidence he is likely to find himself in military or police custody).

07-71459

Natanawan's remaining contentions are unavailing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**