**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRANCISCO JAVIER MILLAN-SOLORZANO, | No. 10-73551 |
| Petitioner, | Agency No. A042-989-309 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Francisco Javier Millan-Solorzano, a native and citizen of Ecuador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's ("IJ") removal order.   Our jurisdiction is governed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review de novo questions of law, *Pechenkov v. Holder*, 705 F.3d 444, 449 (9th Cir. 2012), and for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

Millan-Solorzano does not challenge that his conviction for attempted assault in the second degree in violation of R.C.W. § 9A.36.021(1)(c) is an aggravated felony crime of violence that renders him removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii). Accordingly, we lack jurisdiction to review his contention that the agency erred in denying his applications for asylum and withholding of removal, where the agency denied him relief due to his aggravated felony and a particularly serious crime determination, and he has not raised a colorable constitutional or legal challenge. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *see also Pechenkov*, 705 F.3d at 447-49 (when petitioner is removable as an aggravated felon, this court lacks jurisdiction over challenges to the denial of asylum and withholding of removal, except where the agency denies relief on the merits or petitioner raises a colorable constitutional or legal challenge).

We also lack jurisdiction to consider Millan-Solorzano's contention in his "Supplemental Declaration" regarding his father's involvement in the drug trade and his father's connections to political organizations where Millan-Solorzano did

not raise these issues before the agency and therefore failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The agency properly denied Millan-Solorzano's third request for a continuance for failure to show good cause. *See* 8 C.F.R. § 1003.29; *Malilia v. Holder*, 632 F.3d 598, 604 (9th Cir. 2011).

Substantial evidence supports the agency's denial of deferral of removal under the Convention Against Torture ("CAT") because Millan-Solorzano failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Ecuador. *See Silaya*, 524 F.3d at 1073; *Pechenkov*, 705 F.3d at 448 (the court retains jurisdiction over challenges to a CAT determination where the agency denies relief on the merits).

Millan-Solorzano's remaining contentions are unavailing.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**