**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR ELIZANDRO CRUZ-LOPEZ, | No. 10-70224 |
| Petitioner, | Agency No. A091-616-480 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Salvador Elizandro Cruz-Lopez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and de novo questions of law, *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

Because Cruz-Lopez is removable based on his conviction relating to a controlled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II), our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(C). Cruz-Lopez's contention that the agency erred in its determination that he had been convicted of a particularly serious crime does not raise a constitutional claim or colorable question of law that would invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) (no jurisdiction to review "particularly serious crime" determination where the only challenge is that the agency incorrectly assessed the facts).

With respect to Cruz-Lopez's request for deferral of removal under CAT, substantial evidence supports the agency's determination that Cruz-Lopez failed to establish it is more likely than not he faces torture if removed to El Salvador. *See Arteaga v. Mukasey*, 511 F.3d 940, 949 (9th Cir. 2007).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

10-70224