**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ARTURO ALAS,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 10-73317<br><br>Agency No. A075-247-719<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

    Jose Arturo Alas, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review de novo questions of law. *Pechenkov v. Holder*, 705 F.3d 444,

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

449 (9th Cir. 2012). We dismiss in part and deny in part the petition for review.

Alas did not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(B)(i) due to his controlled substance violation. Thus our jurisdiction to review the agency's order is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C). In his opening brief, Alas fails to raise, and therefore has waived, any challenge to the agency's reliance on his concession that the evidence is sufficient to prove his role as a principal in his conviction under California Vehicle Code § 10851(a). *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). Alas was represented by counsel and raised no ineffective assistance of counsel claim. *See Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986) (aliens are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances). Accordingly, Alas does not raise a colorable constitutional claim or legal question that would restore our jurisdiction under 8 U.S.C. § 1252(a)(2)(D).

In light of our disposition, we do not reach Alas's remaining claims.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**