**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGEY VIKTOROVICH SALEY,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-73740

Agency No. A071-415-483

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Sergey Viktorovich Saley, a native and citizen of Russia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from a

decision of an immigration judge ("IJ") denying his applications for withholding of

removal and protection under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013), and review de novo questions of law, *Pechenkov v. Holder*, 705 F.3d 444, 449 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of Saley's application for CAT protection on the ground that Saley failed to demonstrate that he would more likely than not suffer torture upon his removal to Russia. *See Blandino-Medina*, 712 F.3d at 1348 (affirming the denial of CAT protection for a petitioner who "had not presented evidence that similarly-situated individuals [we]re being tortured by [government] officials"). In reaching this conclusion, the IJ provided an adequately reasoned decision, despite simultaneously having found that Saley has an objective fear of harm, because the standard of proof applicable to CAT claims requires more than a mere objective fear of harm. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

To the extent Saley contends that the agency erred by according greater evidentiary weight to the U.S. Department of State report than to his expert witness's testimony, our case law forecloses this contention. *See Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008) ("U.S. Department of State country reports

are 'the most appropriate and perhaps the best resource for information on political situations in foreign nations.'" (citation omitted)).

Because Saley does not contest the agency's determination that his 2009 conviction for delivery of methamphetamine under Revised Code of Washington § 69.50.401 is an aggravated-felony conviction that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii), we lack jurisdiction to review the agency's discretionary determination that his offense is a particularly serious crime that statutorily disqualifies him from eligibility for withholding of removal. *See Pechenkov*, 705 F.3d at 448 (holding that the court lacks "jurisdiction to review a 'particularly serious crime' determination where . . . the only challenge to this determination is that [the agency] incorrectly assessed the facts").

In light of the agency's dispositive but unreviewable particular-serious-crime determination, we need not consider Saley's remaining challenge to the agency's denial of withholding. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**