**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELOISA MARISOL RESENDIZ, | No. 12-71130 |
| Petitioner, | Agency No. A076-688-423 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Eloisa Marisol Resendiz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review de novo constitutional claims and questions of law. *Pechenkov*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 705 F.3d 444, 449 (9th Cir. 2012). We dismiss in part and deny in part the petition for review

Because Resendiz is removable under 8 U.S.C. § 1227(a)(2)(B)(i) based on her conviction for an offense relating to a controlled substance, and under 8 U.S.C. § 1227(a)(2)(A)(iii) based on her conviction for an aggravated felony, our jurisdiction is limited to colorable constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D). Resendiz's contention that the agency abused its discretion in determining that she had been convicted of a particularly serious crime does not raise a constitutional claim or colorable question of law that would invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Pechenkov*, 705 F.3d at 447-49 (holding that § 1252(a)(2)(C) barred review of the agency's finding that petitioner's aggravated felony conviction was a particularly serious crime where petitioner sought only "a re-weighing of the factors involved in that discretionary determination").

We are not persuaded that the BIA erred in noting the drug involved and the location of the transaction in its determination that Resendiz did not establish that her drug conviction is not a particularly serious crime.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

12-71130