
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL ANTONIO ARIAS-SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73973 <br><br> Agency No. A076-609-335 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2014[**]
Pasadena, California

Before: BENAVIDES,[***] WARDLAW, and CLIFTON, Circuit Judges.

Rafael Arias-Sanchez, a native and citizen of El Salvador, petitions for

review of the BIA's decision finding him ineligible for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

removal, and protection under the Convention Against Torture because he had been convicted of a particularly serious crime.

Arias-Sanchez's 2010 conviction for possession for sale of marijuana is covered by 8 U.S.C. § 1227(a)(2)(B)(i), which classifies as deportable any alien who has been convicted of a violation of a controlled substance offense. To overcome the presumption that his crime was a particularly serious offense, Arias-Sanchez was required to meet the six criteria set forth in *Matter of Y–L–*, 23 I. & N. Dec. 270 (AG 2002). The IJ and BIA concluded that Arias-Sanchez failed to demonstrate that he was only peripherally involved in the crime.

Under 8 U.S.C. §1252(a)(2)(C), we lack jurisdiction to review any final order of removal against an alien convicted of a crime covered by 8 U.S.C. § 1227(a)(2). Although this preclusion does not extend to "review of constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Arias-Sanchez's petition does not assert a constitutional claim or question of law. Rather, he asks us to reweigh the facts underlying the BIA's finding that he was more than peripherally involved in the crime. We lack jurisdiction to review that finding. *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) ("§ 1252(a)(2)(D) cannot restore jurisdiction to review a 'particularly serious crime' determination where, as here, the only challenge to that determination is that [the BIA] incorrectly assessed the facts.").

The determination that Arias-Sanchez committed a particularly serious crime renders him ineligible for asylum, withholding of removal, and withholding under CAT. 8 U.S.C. § 1231(b)(3)(B)(ii); *see* 8 C.F.R. § 1208.16(d)(2). However, such a determination does not preclude deferral of removal under CAT. 8 C.F.R. § 1208.17(a). Although the IJ and BIA both addressed whether Arias-Sanchez qualified for deferral under CAT, Arias-Sanchez did not raise deferral of removal in his opening brief, and therefore he waived the issue before us. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." (internal citations omitted)). Even if Arias-Sanchez had preserved this claim, he has failed to demonstrate it is more likely than not that he will be tortured by or with the acquiescence of a government official if he returns to El Salvador. *See* 8 C.F.R. § 1208.17(a). Although, as the BIA found, "there is evidence of societal and governmental discrimination and occasional violence against homosexuals in El Salvador by public officials," such evidence does not rise to the level of torture within the meaning of CAT.

**PETITION DENIED.**