**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL ROSAS-QUIROZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70195 <br><br> Agency No. A090-790-102 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Jose Manuel Rosas-Quiroz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Pechenkov v. Holder*, 705 F.3d 444, 449 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

Contrary to Rosas-Quiroz's contention, the agency applied and referenced the correct legal standard outlined in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982) in making its particularly serious crime determination, *see Anaya-Ortiz v. Holder*, 594 F.3d 673, 679-80 (9th Cir. 2010) (discussing proper standard), and did not apply the presumption set forth in *Matter of Y-L-*, 23 I. & N. Dec. 279 (A.G. 2002). Because Rosas-Quiroz does not dispute that he is removable for an aggravated felony, the court lacks jurisdiction to review the agency's dispositive discretionary determination that his conviction is for a particularly serious crime that renders him ineligible for withholding of removal. *See Pechenkov*, 705 F.3d at 447-49 (holding that 8 U.S.C. § 1252(a)(2)(C) barred review of the agency's finding that petitioner's aggravated felony conviction was a particularly serious crime where petitioner sought only "a re-weighing of the factors involved in that discretionary determination").

Rosas-Quiroz's claim that his removal without notice violated his due process right to judicial review and the opportunity to exhaust all of his administrative remedies is without merit. *See Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1171 (9th Cir. 2003) ("[The court] now may entertain a petition after

the alien has departed.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**