**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AMARA MANSARE, | No. 13-70640 |
| Petitioner, | Agency No. A087-838-340 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Amara Mansare, a native and citizen of Guinea, petitions for review of the

BIA's decision finding him ineligible for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Mansare challenges

the BIA's determination that his conviction for attempted sale of marijuana

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutes a "particularly serious crime." Mansare also challenges the BIA's denial of CAT relief, which the BIA denied on the merits, concluding that Mansare failed to establish that it is more likely than not he would be tortured if returned to Guinea.

1. Mansare does not contest that his 2010 conviction for attempted sale of marijuana constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(U). Rather, Mansare argues that the particular facts underlying his conviction "fall[] outside the grave conduct that encompasses a 'particularly serious crime.'" To overcome the presumption that his drug trafficking crime was a particularly serious offense, Mansare was required to meet the six criteria set forth in *Matter of Y–L–*, 23 I. & N. Dec. 270 (AG 2002). The IJ and BIA concluded that Mansare failed to demonstrate both that the drug transaction involved "a very modest amount of money" and that Mansare was only peripherally involved in the crime. Because Mansare does not raise a constitutional claim or question of law related to the BIA's "particularly serious crime" determination, we lack jurisdiction to review the issue. 8 U.S.C. § 1252(a)(2)(D); *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) ("[Section] 1252(a)(2)(D) cannot restore jurisdiction to review a 'particularly serious crime' determination where, as here, the only challenge to that determination is that [the BIA] incorrectly assessed the facts.").

**2.**     Because the BIA denied Mansare deferral of removal under CAT "on the merits," we have jurisdiction to consider whether substantial evidence supports the BIA's decision. *See Brezilien v. Holder*, 569 F.3d 403, 410 (9th Cir. 2009). Substantial evidence supports the BIA's denial of CAT relief because the record does not compel a conclusion that Mansare, if returned to Guinea, would more likely than not be personally targeted for torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Mansare testified about four specific instances of harm he suffered in Guinea, but those events do not establish that Mansare will be tortured if returned to Guinea. His past harm appears to be the product of indiscriminate violence, rather than based on Mansare's ethnicity or profession. The country conditions evidence on which Mansare relies likewise falls short of compelling a contrary conclusion. While the evidence indicates that torture occurs in Guinea, the evidence does not indicate Mansare would be personally targeted for torture in Guinea. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (evidence of generalized violence insufficient to establish the petitioner "would face [a] particular threat of torture beyond that of which all citizens of [the country] are at risk").

**DISMISSED in part and DENIED in part.**

3