**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONEEL SINGH,<br><br>                Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                Respondent. | No. 12-70941<br><br>Agency No. A055-041-357<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Roneel Singh (Petitioner), a native and citizen of Fiji, petitions for review of

a decision by the Board of Immigration Appeals (BIA) affirming an Immigration

Judge's (IJ) denial of his application for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT).

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the Petitioner has been convicted of an aggravated felony, and was removable on that basis, our jurisdiction to review the BIA and the IJ's determination that the Petitioner was statutorily ineligible for withholding of removal is limited to colorable legal or constitutional claims. 8 U.S.C. § 1252(a)(2)(C), (D); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

Neither of the Petitioner's arguments regarding the IJ and the BIA's determination that he was convicted of a particularly serious crime is a colorable legal or constitutional claim. The Petitioner first contends that the IJ and the BIA failed to individually consider the circumstances of his case. In determining whether a conviction was for a particularly serious crime, the BIA considers "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (B.I.A. 1982). The IJ applied these factors and the BIA affirmed. The Petitioner's argument to the contrary lacks any arguable merit, and is not a colorable legal claim. *See Mendez-Castro*, 552 F.3d at 978.

The Petitioner also contends that the case was squarely controlled by *Matter of Frentescu* because the facts of that case were indistinguishable from the facts of

2

this case. This contention does not assert legal or constitutional error, but is "nothing more than an argument that the IJ abused his discretion." *See id*. We therefore lack jurisdiction to consider it.

We have jurisdiction to review the IJ and the BIA's merits-based determination that the Petitioner was not entitled to deferral of removal under the CAT. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). The IJ and the BIA did not err in concluding that the Petitioner had not met his burden to demonstrate that it was "more likely than not that he . . . would be tortured if removed to" Fiji. 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED IN PART AND DISMISSED IN PART.**