**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VANIK ARMEN VOSKANYAN, AKA Vanik Voskanyan, | No. 13-71293 |
| Petitioner, | Agency No. A058-470-495 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Vanik Armen Voskanyan, a native and citizen of Armenia, petitions pro se

for review of a Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") order of removal.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review de novo constitutional claims, *Vilchez v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and review for substantial evidence the denial of withholding of removal and protection under the Convention Against Torture ("CAT"), *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Voskanyan has never challenged the IJ's dispositive determination that his conviction is an aggravated felony crime of violence under 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(F), that renders him removable and ineligible for most forms of relief from removal, nor does he challenge, before this court, the BIA's determination that he waived the issue of removability. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief). With the exception of Voskanyan's contention that he is eligible for withholding of removal and CAT protection, *Pechenkov v. Holder*, 705 F.3d 444, 448-50 (9th Cir. 2012), this court's jurisdiction is therefore limited to reviewing colorable questions of law or constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

To the extent Voskanyan contends the agency violated due process by failing to provide a reasoned explanation for its decision or by depriving him of a fair trial, these contentions are not supported by the record. *See Vilchez*, 682 F.3d at 1199 ("A due process violation occurs where (1) the proceeding was so

13-71293

fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." (citation and quotation marks omitted)).

Substantial evidence supports the agency's determination that Voskanyan did not establish eligibility for withholding of removal or CAT protection, where he testified that he did not fear harm or torture by anyone in Armenia. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009); *see also Silaya*, 524 F.3d at 1073.

Voskanyan's remaining contentions are not colorable constitutional or legal challenges that invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-71293