**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS IGNACIO PALOMARES TORRES, | No. 14-73947 |
| Petitioner, | Agency No. A043-363-718 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Carlos Ignacio Palomares Torres, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his applications for asylum, withholding

of removal and relief under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the denial of CAT relief, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and review de novo questions of law, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of CAT relief, where Palomares Torres failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(2)-(3); *Silaya*, 524 F.3d at 1073.

Palomares Torres does not challenge the agency's determination that his conviction for second-degree robbery in violation of California Penal Code § 211 is an aggravated felony theft offense, as defined by 8 U.S.C. § 1101(a)(43)(G), that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Palomares Torres has likewise waived any challenge to the agency's determination that he is statutorily ineligible for asylum. *See id.*; 8 U.S.C. 1158(b)(2)(B)(i).

Because Palomares Torres does not contest that he is removable for having committed an aggravated felony, our jurisdiction over challenges to the agency's denial of withholding of removal is limited to colorable constitutional claims and

questions of law. *See* 8 U.S.C. 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012). We therefore lack jurisdiction to review Palomares Torres's challenge to the agency's discretionary determination that his conviction constitutes a particularly serious crime that statutorily bars him from withholding of removal. *Pechenkov*, 705 F.3d at 448-49 (no jurisdiction over particularly serious crime determination where the only challenge is that the agency "incorrectly assessed the facts").

Contrary to Palomares Torres's contention, the agency applied the correct legal standard by considering the relevant factors outlined in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), in making its particularly serious crime determination, including the nature of and circumstances underlying his conviction. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679-80 (9th Cir. 2010).

Because these determinations are dispositive, we need not reach Palomares Torres's contentions regarding credibility.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**