**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR ALFONSO SANDOVAL-ARREGUIN, AKA Victor Sandoval, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 13-73349 Agency No. A074-181-228 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2016[**]
San Francisco, California

Before: WALLACE, D.W. NELSON, and OWENS, Circuit Judges.

Petitioner Victor Sandoval-Arreguin petitions for review of the Board of

Immigration Appeals' ("BIA") decision denying his applications for cancellation

of removal, asylum, and withholding of removal under the Immigration and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nationality Act and protection under the Convention Against Torture. As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

The parties dispute whether we have jurisdiction to review Sandoval-Arreguin's challenges to the BIA's denial of cancellation of removal and its determination that his conviction for transportation of methamphetamine, in violation of California Health & Safety Code § 11379(a), was a "particularly serious crime." *See Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (stating that this court typically lacks jurisdiction to review the BIA's finding that a case does not warrant a discretionary grant of cancellation of removal, but it retains jurisdiction over constitutional claims and questions of law (citing 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D)); *Pechenkov v. Holder*, 705 F.3d 444, 447-48 (9th Cir. 2012) (stating that the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C) does not bar constitutional claims and questions of law under 8 U.S.C. § 1252(a)(2)(D)).

However, assuming we have jurisdiction, Sandoval-Arreguin's petition fails on the merits. The BIA did not abuse its discretion in determining that Sandoval-Arreguin did not warrant cancellation of removal because the serious and dangerous nature of his drug conviction outweighed the factors in Sandoval-

Arreguin's favor, such as his family ties within the United States, his residence in this country starting at a young age, and the hardships to Sandoval-Arreguin and his family. *See Ridore*, 696 F.3d at 920 & n.5 (discussing considerations for cancellation of removal).

The BIA also did not abuse its discretion in determining that Sandoval-Arreguin's drug conviction was a "particularly serious crime" based on the nature of the conviction, the sentence imposed, and the circumstances and underlying facts of the conviction. *See Arbid v. Holder*, 700 F.3d 379, 384-85 (9th Cir. 2012) (per curiam) (setting forth standard of review and factors for consideration).

**PETITION FOR REVIEW DENIED**.

Sandoval-Arreguin v. Lynch, 13-73349

WALLACE, J., dissenting:

It is well settled by our court that we lack jurisdiction to review the agency's discretionary denial of an application for cancellation of removal. *See Vilchez v. Holder*, 682 F.3d 1195, 1200-02 (9th Cir. 2012). Sandoval-Arreguin raised no colorable constitutional claims or questions of law pertaining to the agency's discretionary hardship determination, and I would dismiss this claim for lack of jurisdiction. 8 U.S.C. § 1252(a)(2)(D).

Sandoval-Arreguin conceded removability under 8 U.S.C. § 1227(a)(2)(B)(i) and has not raised any colorable constitutional claims or legal questions in relation to the Board's particularly serious crime determination. While our court is not barred from reviewing the agency's particularly serious crime determinations, it cannot reweigh the evidence to determine whether the crime was particularly serious. *See Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012). A particularly serious crime determination "is inherently discretionary where . . . the only challenge to that determination is that it incorrectly assessed the facts." *Id.* at 448. *See also* 8 U.S.C. § 1252(a)(2)(C). I would dismiss the claims for asylum, withholding of removal, and CAT relief for lack of jurisdiction.