**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORETO QUINTERO-MOLINA, AKA Loreto Quintero, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   15-71518 <br><br> Agency No. A093-142-827 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2016
Pasadena, California

Before:  REINHARDT, TASHIMA, and PAEZ, Circuit Judges.

Loreto Quintero-Molina ("Molina"), a native and citizen of Mexico and

formerly a legal permanent resident of the United States, petitions for review of the

Board of Immigration Appeals' ("BIA") determination that he was ineligible for

deferral of removal under the Convention Against Torture ("CAT").  The BIA

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

adopted and affirmed the Immigration Judge's ("IJ") decision to deny relief under CAT. Reviewing de novo, we conclude that the BIA erred as matter of law in failing to aggregate the potential sources of torture that Molina would face if removed to Mexico. *Pechenkov v. Holder*, 705 F.3d 444, 449 (9th Cir. 2012).

1. An applicant for relief under CAT must show a "greater than 50 percent likelihood that he will be tortured" and that a public official will acquiesce in that torture. *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013) (citing 8 C.F.R. § 1208.16(c)(2); *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011)).

2. Under CAT, torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person. . . ." 8 C.F.R. § 1208.16(c)(2). "Acts constituting torture are varied, and include beatings and killings." *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008); *see also* 8 C.F.R. § 1208.18; *Reyes v. Lynch*, No. 14-70686, 2016 WL 6994243, at *13 (9th Cir. Nov. 30, 2016) (holding that killings constitute torture for the purposes of CAT). Molina presented several reasons why he would likely face torture if returned to Mexico, including threats that he and his family members have received and killings perpetrated against his family members who live in Mexico.

**3.** In determining whether a person is likely to face torture, an IJ must consider all evidence of torture in the aggregate. *Cole v. Holder*, 659 F.3d at 774. The IJ should assess the petitioner's "overall risk of being tortured" rather than "treating each potential source of torture individually." *Id*. Here, the BIA erred as a matter of law when it adopted and affirmed the IJ's decision, which separately considered each reason Molina would face torture but failed to consider his risk of torture in the aggregate. Because the BIA applied an erroneous legal standard, we grant the petition and remand so that it may, in the first instance, apply the correct legal standard. *Lopez v. Ashcroft*, 366 F.3d 799, 807 (9th Cir. 2004) (citing *Zheng v. Ashcroft*, 332 F.3d 1186, 1197 (9th Cir.2003)).

**4.** In addition to showing a greater than 50 percent likelihood of torture, an applicant for CAT must show that the government is likely to acquiesce in that torture. *Madrigal*, 716 F.3d at 508. The IJ did not determine whether the Mexican government would acquiesce in Molina's torture. The BIA, however, concluded that the IJ "properly determined that . . . the record is insufficient to show that the Mexican Government would acquiesce in or turn a blind eye to torture." Where, as here, the basis for the BIA's conclusion is unclear, a remand is required so that the BIA may clarify the basis for its decision on this issue. *Alphonsus v. Holder*, 705

F.3d 1031, 1044-45 (2013) (citing *Delgado v. Holder*, 648 F.3d 1095, 1108 (9th

Cir. 2011)).


**Petition GRANTED and REMANDED.**