**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON O. EKEKE-R, AKA Craig Christensen Richards, AKA Aaron Ekeke, AKA Aaron O. Ekeke, AKA Eric Ekeke Richards, AKA Christian Richards, AKA Craig Erick Richards, AKA Eric Richards, AKA Eric C. Richards, AKA Erick Richards, AKA Erik Richards, AKA Erik Craig Richards, AKA Joseph Richards Ekeke, <br><br>   Petitioner, <br><br>  v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>   Respondent. | No.   11-73685 <br><br> Agency No. A020-197-801 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2015
Submission Vacated May 13, 2015
Resubmitted August 23, 2017
Pasadena, California

Before:  PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

---

   *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Aaron Ekeke-R petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings to apply for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We dismiss the petition in part and deny it in part.

1. We lack jurisdiction to review the BIA's determination that Ekeke-R is statutorily ineligible for asylum because he was convicted of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C). We therefore dismiss the petition to the extent that it challenges the resolution of Ekeke-R's asylum claim.

2. We retain jurisdiction over the petition to the extent that it challenges the resolution of Ekeke-R's claims for withholding of removal and protection under CAT because, with regard to these claims, the BIA denied his motion to reopen "on the merits, for failure to demonstrate the requisite factual grounds for relief, rather than in reliance on the [aggravated felony] conviction." *Agonafer v. Sessions*, 859 F.3d 1198, 1202 (9th Cir. 2017) (quoting *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012)).

3. The BIA did not abuse its discretion in denying Ekeke-R's motion to reopen removal proceedings. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Ekeke-R did not submit evidence demonstrating a material change in circumstances in Nigeria for people with HIV/AIDS. *See* 8 C.F.R. § 1003.2(c)(3)(ii). He also did not show prima facie eligibility for either

2

withholding of removal or protection under CAT. Although he presented evidence that discrimination against people with HIV/AIDS exists in Nigeria, he failed to demonstrate that "either the government or . . . persons or organizations which the government [was] unable or unwilling to control" were responsible for this persecution. *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (citation and quotation marks omitted); *see also Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008) (denying a petition for relief under CAT because the petitioner had not demonstrated that, more likely than not, she would be tortured at the instigation of, or with the acquiescence of, the government).

**PETITION DISMISSED IN PART AND DENIED IN PART.**