**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JILLIAN AQUINO GENUINO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-72379 Agency No. A046-888-226 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

Jillian Aquino Genuino, a native and citizen of the Philippines, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

grant in part the petition for review.

Because Genuino was found removable due to his offense relating to a controlled substance, our jurisdiction to review the agency's denial of withholding of removal on the basis of that same conviction is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C) (court does not have jurisdiction to review a final order of removal against an alien who is removable for having committed certain criminal offenses); *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) (the jurisdictional bar at § 1252(a)(2)(C) is subject to two exceptions:  1) applying the exception at § 1252(a)(2)(D) relating to questions of law or constitutional claims, and 2) when the agency denies relief on the merits, rather than in reliance on the conviction).

Genuino bases his contention that the BIA erred on a misreading of the BIA's decision.  The BIA did not state it could not consider evidence beyond the record of conviction in making its particularly serious crime analysis, but correctly relied on *Matter of Roberts*, 20 I. & N. Dec. 294, 301 (BIA 1991), to state that it could not use Genuino's testimony to determine his guilt or innocence.  If the BIA were to credit Genuino's testimony that he possessed methamphetamine only for personal use and not for sale, it would effectively determine that he was not guilty of possession for sale of methamphetamine, which is the crime to which Genuino pleaded guilty.

16-72379

Genuino moves the court to remand based on two reports describing a surge of violence against those suspected of dealing or using drugs in the Philippines since President Duterte took office in June 2016. We take judicial notice of these reports, grant Genuino's motion, and remand for the agency to consider Genuino's claim for CAT relief in light of the significant changes in the Philippines. *See Gafoor v. INS*, 231 F.3d 645, 656 (9th Cir. 2000) (remanding to the BIA after taking judicial notice of "dramatic foreign developments").

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**