**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE LUIS OSEIDA, Jr., | No.    20-72393 |
| Petitioner, | Agency No. A213-204-226 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2021
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge MILLER

Jorge Oseida was convicted of an aggravated felony and ordered removed to

Guatemala under 8 U.S.C. § 1227(a)(2)(A)(iii).  In reviewing the determination of

an asylum officer, the Immigration Judge ("IJ") held that Oseida did not have a

reasonable fear of persecution or torture in Guatemala.  Because Oseida was

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

subject to expedited removal proceedings under 8 U.S.C. § 1228 and the IJ concurred in the determination of the asylum officer, Oseida could not appeal to the Board of Immigration Appeals. 8 C.F.R. § 1208.31(g)(1). Oseida petitions for review in this court. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny his petition for review.

Oseida contends that the asylum officer procedurally erred by failing to "elicit all relevant information" pertinent to his claim for relief from removal. We disagree. The asylum officer asked multiple open-ended questions over the course of his interview. Those questions gave Oseida the opportunity to discuss any personal history or personal characteristics that he feared could cause him to be persecuted or tortured in Guatemala.

Oseida further contends that the IJ's negative reasonable fear determination is not supported by substantial evidence. We do not find evidence in the record, including the country conditions report, that would compel "any reasonable adjudicator" to conclude, contrary to the IJ's determination, that Oseida has a reasonable fear of persecution on account of a protected ground or of torture if removed to Guatemala. 8 U.S.C. § 1252 (b)(4)(B).

**PETITION DENIED.**

*Oseida v. Garland*, No. 20-72393

MILLER, Circuit Judge, concurring in part and dissenting in part:

I join the court's disposition except to the extent that it reaches the merits of Oseida's challenge to the agency's determination that he did not establish a reasonable fear of persecution. With respect to that issue, I would hold that we lack jurisdiction and would dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2), we lack jurisdiction over factual challenges to any final order of removal entered against an alien who, like Oseida, is removable because of an aggravated-felony conviction. Nevertheless, we have created an exception allowing us to review factual challenges to the denial of asylum or withholding of removal where, as here, the agency "denies relief *on the merits*, for failure to demonstrate the requisite factual grounds for relief, rather than in reliance on the conviction." *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). In addition to being inconsistent with the statute, that exception is contrary to *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), in which the Supreme Court stated categorically that "the court of appeals may not review *factual* challenges to a final order of removal" of an alien who is removable because of an aggravated-felony conviction. *Id.* at 1690. Indeed, it is "clearly irreconcilable" with that decision. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). I would hold that *Nasrallah* has abrogated our "on the merits" exception to section 1252(a)(2).