**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BACILIO ABARCA-POPOCA, AKA
Luis Abarca-Torres,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-70431

Agency No. A095-805-775

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Bacilio Abarca-Popoca, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's denial of his applications for withholding of removal and

relief under the Convention Against Torture ("CAT"). Our jurisdiction is

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and review for substantial evidence the denial of CAT relief, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Abarca-Popoca does not challenge the agency's determination that his conviction under California Health & Safety Code § 11351.5 is categorically an aggravated felony for illicit trafficking in a controlled substance as defined by 8 U.S.C. § 1101(a)(43)(B) that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus our jurisdiction is limited to constitutional claims and questions of law, and we lack jurisdiction to review Abarca-Popoca's challenge to the agency's discretionary determination that he has not rebutted the presumption that his offense is a particularly serious crime that statutorily bars him from withholding of removal. *See* 8 U.S.C. 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012) (no jurisdiction to review a particularly serious crime determination where the only challenge is that the agency "incorrectly assessed the facts").

Substantial evidence supports the agency's denial of deferral of CAT relief, where Abarca-Popoca failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(2)-(3); *Silaya*, 524 F.3d at 1073.

Abarca-Popoca's contentions that the BIA failed to engage in substantive analysis or relied upon a boilerplate decision are unsupported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

In light of our disposition, we need not reach Abarca-Popoca's remaining contentions regarding his eligibility for withholding of removal.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**