**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WALCOTT EDMOND GRAY, AKA Walcoutt Gray, AKA Walcoutt E. Gray, AKA Walcoutt Edmond Gray, | No.    15-70181 |
|  | Agency No. A024-199-183 |
| Petitioner, |  |
|  | MEMORANDUM[*] |
| v. |  |
| LORETTA E. LYNCH, Attorney General, |  |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Walcott Edmond Gray, a native and citizen of Belize, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision finding him removable and denying his applications

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014), and review for substantial evidence the denial of CAT relief, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency used the correct standard and did not err in determining Gray's drug trafficking offense is presumptively a particularly serious crime that renders him ineligible for withholding of removal. *See* 8 U.S.C.§ 1231(b)(3)(B)(ii); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[A]n aggravated felony containing a drug trafficking element is presumed to be a particularly serious crime which would make [the applicant] ineligible for withholding of removal."). To the extent Gray challenges the agency's determination that he has not rebutted that presumption as a discretionary matter, we lack jurisdiction to consider that contention. *See Pechenkov v. Holder*, 705 F.3d 444, 448-49 ("[8 U.S.C.] § 1252(a)(2)(D) cannot restore jurisdiction to review a 'particularly serious crime' determination where" the challenge is that the agency "incorrectly assessed the facts").

The record does not support Gray's contentions that the agency treated his conviction as a per se category of particularly serious crime or that it did not sufficiently address his contention regarding the legalization of marijuana in certain states. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency must consider the issues raised and express its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and quotation marks omitted)).

Substantial evidence supports the agency's denial of deferral of removal under the CAT, where the record does not compel the conclusion that it is more likely than not Gray will be tortured by or with the consent or acquiescence of the government if removed to Belize. *See Silaya*, 524 F.3d at 1073. Gray's contention that the agency ignored country condition evidence is not supported by the record. *See Najmabadi*, 597 F.3d at 990; *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (the BIA is not required to "discuss each piece of evidence submitted").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**