**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL ADE AJIBOYE,

                    Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

                    Respondent.

No.    14-71503

Agency No. A023-708-185

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2017
Pasadena, California

Before:  THOMAS, Chief Judge, REINHARDT, Circuit Judge, and KORMAN,**
District Judge.

    Petitioner Michael Ade Ajiboye, a Nigerian citizen and national and lawful

permanent resident of the United States, petitions for review of the Board of

Immigration Appeals's ("BIA") denial of relief on his application for asylum,

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

withholding of removal, and relief under the Convention Against Torture.  We deny the petition for review.  Because the parties are familiar with the history of the case, we need not recount it here.[1]

## I

Contrary to the government's argument, we do not lack jurisdiction to consider whether the agency erred in concluding that Ajiboye's convictions constituted a "particularly serious crime," barring him from eligibility for asylum under 8 U.S.C. § 1158(b)(2)(A)(ii), withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii) and CAT withholding under 8 C.F.R. § 1208.16(d)(2).  Although the government is correct that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") precludes our jurisdiction over a fact-based challenge to a "particularly serious crime determination," 8 U.S.C. § 1252(a)(2)(D) provides for jurisdiction over "constitutional or legal question[s]" relating to a particularly serious crime determination.  *Pechenkov v. Holder*, 705 F.3d 444, 448–49 (9th Cir. 2012).  Therefore, we retain "jurisdiction to review for abuse of discretion the BIA's conclusion that an offense constitutes a particularly serious crime."  *Avendano-Hernandez*, 800 F.3d at 1077 (citing *Arbid v. Holder,* 700 F.3d 379, 382, 384–85 (9th Cir.2012)).  "Our review is limited to

---

[1]  We deny petitioner's oral motion for a stay of proceedings.

ensuring that the agency relied on the 'appropriate factors' and '[ ]proper evidence' to reach this conclusion. *Id.* (citations omitted). "We may not reweigh the evidence and reach our own determination about the crime's seriousness." *Id.* (citations omitted).

The BIA did not abuse its discretion in determining that Ajiboye's 1998 convictions for mail fraud, 18 U.S.C. § 1341, and possession of fifteen or more unauthorized access devices, 18 U.S.C. § 1029(a)(3) (collectively, "1998 Convictions") were "particularly serious crimes." The BIA correctly identified the applicable standard and analyzed the nature of the conviction, the sentence imposed, and the circumstances and underlying facts of the offense. *See Arbid*, 700 F.3d at 385 (holding that neither the IJ nor BIA abused discretion in particularly serious crime determination where they reviewed the conviction itself, the guilty plea's Statement of Facts, the sentence, the restitution order, and the petitioner's lack of remorse).

## II

We lack jurisdiction over the petitioner's assertion that he was denied his right to procedural due process because he did not raise this issue before the BIA, and therefore did not exhaust his administrative remedies. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

III

Substantial evidence supported the BIA's denial of CAT relief.  In addition to the finding that the record did not show that petitioner was wanted by Sharia police, substantial evidence supported the agency's conclusion that he could safely return to another part of the country.

**PETITION FOR REVIEW DENIED.**