**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEFAN JOHN DENSER, AKA Robert John Denser, AKA Sean, <br><br>          Petitioner, <br><br>    v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>          Respondent. | No.   14-73282 <br><br> Agency No. A017-206-586 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2017[**]
San Francisco, California

Before:  KOZINSKI and FRIEDLAND, Circuit Judges, and ARTERTON,[***] District Judge.

Stefan Denser petitions for review of the Board of Immigration Appeals'

decision affirming the denial of his application for withholding of removal.  We

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Janet Bond Arterton, Senior United States District Judge for the District of Connecticut, sitting by designation.

have no jurisdiction to consider Denser's factual argument that his conviction was not for a "particularly serious" crime. *See Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012). We do have jurisdiction to consider his legal argument— that the BIA applied an incorrect legal test—and we consider that argument de novo. *See* 8 U.S.C. § 1252(a)(2)(D); *Brezilien v. Holder*, 569 F.3d 403, 410-11 (9th Cir. 2009). But because we have already determined that the challenged test is valid, Denser cannot succeed. *See Miguel-Miguel v. Gonzales*, 500 F.3d 941, 944-49 (9th Cir. 2007) (reviewing and upholding the test described in *In re Y-L-, A-G- & R-S-R-*, 23 I&N Dec. 270 (2002), *overruled on other grounds by Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003)); *see also Rendon v. Mukasey*, 520 F.3d 967, 973-76 (9th Cir. 2008) (upholding a removal order under application of the test in *In re Y-L-*).

**DISMISSED in part and DENIED in part.**