NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LANDA, AKA Jose Iturbide Landa, | No. 17-73024 |
| Petitioner, | Agency No. A090-199-473 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Jose Landa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

Because Landa was found removable due to his conviction for a crime involving moral turpitude, our jurisdiction to review the agency's particularly serious crime determination is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012).

The agency did not err or violate due process in relying on the police report relating to Landa's conviction for assault with attempt to commit rape under California Penal Code § 220, where Landa failed to establish that it was inaccurate or unreliable. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir. 2010) (all reliable information may be considered in making a particularly serious crime determination); *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (the opponent of a government record bears the burden of showing it is unreliable) (internal citation omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim). We reject Landa's contention that he was entitled to cross-examine the officer who prepared the police report, where he did not challenge the contents of the report before the

IJ. *See* 8 U.S.C. § 1229a(b)(4)(B); *Espinoza*, 45 F.3d at 311 (aliens in deportation proceedings may not assert a cross-examination right to prevent the government from establishing uncontested facts). To the extent Landa contends the agency ignored evidence or argument, the record does not support this contention. *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). We lack further jurisdiction over Landa's challenge to the agency's weighing of factors in its particularly serious crime determination. *See Avendando-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (court may not reweigh the evidence and reach its own determination about the crime's seriousness); *Pechenkov*, 705 F.3d at 448-49. Thus, his asylum and withholding of removal claims fail. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii); 1231(b)(3)(B); 8 C.F.R. § 1208.16(d)(2).

Substantial evidence supports the agency's denial of CAT relief, where Landa failed to show that it is more likely than not that he would be tortured by or with the acquiescence of a government official in Mexico. *See* 8 C.F.R. § 1208.18(a)(1); *Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**