**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRINIDAD MARTINEZ-SANDOVAL, AKA Marvin Martinez Sandoval, AKA Trinidad Martinez Sandoval, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-71994 <br><br> Agency No. A200-153-740 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2019**
Pasadena, California

Before: SCHROEDER, FRIEDLAND, and R. NELSON, Circuit Judges.

Trinidad Martinez-Sandoval, a native and citizen of Guatemala, seeks

review of the Board of Immigration Appeals' ("BIA") final removal order,

dismissing his appeal from the immigration judge's ("IJ") decision denying his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

applications for withholding of removal and for protection under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a). We review the agency's denial of a motion for a continuance for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). Additionally, we review the BIA's particularly serious crime determination for abuse of discretion and review the denial of withholding and CAT relief for substantial evidence. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny the petition for review.

First, the BIA did not abuse its discretion in denying Martinez's request for a continuance. The conviction records and police reports that the IJ considered were admitted in the removal proceedings. Moreover, Martinez had ample notice that they would be considered in the context of the particularly serious crime determination. Because Martinez had a reasonable opportunity to investigate the conviction records and police reports prior to the removal proceeding, the agency did not abuse its discretion in denying Martinez's continuance request. *See Bondarenko v. Holder*, 733 F.3d 899, 907 (9th Cir. 2013).

Second, the BIA also did not abuse its discretion in affirming the IJ's conclusion that Petitioner's assault conviction under California's Penal Code § 240 qualifies as a particularly serious crime, rendering him statutorily ineligible for withholding of removal and withholding under the CAT. Our review is limited to

2

whether the agency relied on the appropriate factors and proper evidence. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (the court may not reweigh the evidence and reach its own conclusion in review of the agency's particularly serious crime designation). Here, the BIA and the IJ considered the relevant factors and applied them to the record evidence and there is no indication that the agency acted "arbitrarily, irrationally, or contrary to law." *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012). *See also Konou*, 750 F.3d at 1126–27 (listing factors to consider in determining whether a crime is particularly serious).

Third, substantial evidence supports the BIA's denial of deferral of removal under the CAT because Petitioner failed to establish that it is more likely than not that he will be tortured by or with the acquiescence of the government of Guatemala.[1]

The petition for review is **DENIED.**

---

[1] The United States Supreme Court recently granted certiorari in *Nasrallah v. Barr*, No. 18-1432 (Oct. 18, 2019), which presents the question "[w]hether, notwithstanding Section 1252(a)(2)(C), the courts of appeals possess jurisdiction to review factual findings underlying denials of withholding (and deferral) of removal relief." Petition for a Writ of Certiorari, *Nasrallah v. Barr*, No. 18-1432 (May 14, 2019). We decide this case in accordance with current Ninth Circuit precedent, under which we have jurisdiction over Petitioner's challenge to the denial of deferral of removal under the CAT. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). Because any determination by the Supreme Court that we lack jurisdiction would have no effect on the outcome of this case, we proceed under our existing caselaw.