NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CATIVO, | No. 16-72569 |
| Petitioner, | Agency No. A042-241-178 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2019**
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and ROSENTHAL,***
District Judge.

Petitioner Juan Cativo, a native and citizen of El Salvador, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") denying him

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a).[1] Reviewing the BIA's factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), we deny the petition.

The record does not compel the conclusion that it is more likely than not that Cativo "would face any particular threat of torture beyond that of which all citizens of [El Salvador] are at risk" were he to be removed to that country. *Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008); *see also* 8 C.F.R. § 208.18(a). Cativo has never been the victim of violence in El Salvador. He was not physically harmed during the robbery attempt that he described in his testimony before the Immigration Judge, and it does not appear that his family was specifically targeted during that attempt. That fact alone distinguishes *Bringas-Rodriguez*, in which the petitioner had been "horrifically abused" by family members and a neighbor because he was gay. 850 F.3d at 1056.

---

[1] The United States Supreme Court recently granted certiorari in *Nasrallah v. Barr*, No. 18-1432 (Oct. 18, 2019), which presents the question "[w]hether, notwithstanding Section 1252(a)(2)(C), the courts of appeals possess jurisdiction to review factual findings underlying denials of withholding (and deferral) of removal relief." Petition for a Writ of Certiorari, *Nasrallah v. Barr*, No. 18-1432 (May 14, 2019). We decide this case in accordance with current Ninth Circuit precedent, under which we have jurisdiction over Cativo's challenge to the denial of deferral of removal under the CAT. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). Because any determination by the Supreme Court that we lack jurisdiction would have no effect on the outcome of this case, we proceed under our existing caselaw.

To attempt to establish that it is more likely than not that he would be tortured by, at the instigation of, or with the consent or acquiescence of the government or government officials in El Salvador, as required to obtain CAT relief, Cativo offered only generalized country conditions evidence about discrimination against the LGBT community and people with HIV/AIDS. Although the BIA acknowledged evidence of violence against gay individuals in El Salvador, it held that this evidence did not "establish a sufficient level of gross, flagrant, or mass violations of human rights such that deferral of removal should be granted." Nothing in the record belies that determination. Cativo does not challenge before this court the BIA's conclusion that "there is no evidence of a specific or deliberate intent to deprive him of [HIV] medication," so any such challenge is forfeited. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1260 (9th Cir. 1996).

**PETITION DENIED.**