**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ROSA NELY ZERMENO-RODRIGUEZ, AKA Rosa Nely Zermeno, AKA Rosa Nely Zermeno Rodriguez, AKA Rosa Nely Zermo, AKA Rosa Zrmeno,<br><br>       Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>       Respondent. | No.   15-73683<br><br>Agency No. A037-446-558<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

    Rosa Nely Zermeno-Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for withholding of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to review the agency's discretionary determination that Zermeno-Rodriguez has been convicted of a particularly serious crime that bars withholding of removal. *See Pechenkov v. Holder*, 705 F.3d 444, 447-48 (9th Cir. 2012) (no jurisdiction to review particularly serious crime determination where there is no assertion of legal or constitutional error and the only challenge is that the IJ incorrectly weighed the facts).

Substantial evidence supports the agency's denial of CAT relief because Zermeno-Rodriguez did not establish that it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**