**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 4 2020

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYAN JEF MATIENZO LIM, | No.   19-71266 |
| Petitioner, | Agency No. A086-931-763 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Bryan Jef Matienzo Lim, a native and citizen of the Philippines, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying withholding of

removal and protection under the Convention Against Torture ("CAT").  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We review for substantial evidence the agency's denial of relief under the CAT. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

Lim's conviction for receipt of stolen property under California Penal Code § 496d(a), for which he was sentenced to three years in jail, is categorically an aggravated felony. *See United States v. Flores*, 901 F.3d 1150, 1161 (9th Cir. 2018). Thus, the court's review is limited to claims of legal or constitutional error or the denial of relief for reasons not related to the conviction. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012).

Because Lim is removable for having committed an aggravated felony, we need not address whether he is also removable for crimes involving moral turpitude. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Lim contends the agency erred in its particularly serious crime determination because the records of his convictions do not specify the amount of fraud, he was not sentenced to an aggregate term of 5 years imprisonment, the agency did not conduct a modified categorical analysis, and his statutes of conviction are overbroad. These contentions fail because the agency conducted a case-by-case particularly serious crime analysis rather than determining his crimes were per se particularly serious. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th

2                                                                19-71266

Cir. 2015) (a crime can be determined to be particularly serious on a per se basis if it is an aggravated felony with an aggregate sentence of five years, or on a case-by-case basis by applying appropriate factors).

Substantial evidence supports the agency's denial of CAT relief, where Lim has not shown it is more likely than not he would be tortured by or with the acquiescence of the Philippine government. *See* 8 C.F.R. § 1208.18(a)(1); *Zheng v. Holder*, 644 F.3d 829, 836 (9th Cir. 2011) (speculative claim of likelihood of future torture not supported, where expert testimony indicating a likelihood of torture was not supported by the record).

We lack jurisdiction to review Lim's unexhausted contention that he is eligible for cancellation of removal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

Lim's request for appointment of counsel is denied. His motion for a stay of removal is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**