**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIGIFREDO ZARATE-DOMINGUEZ, | No. 19-70215 |
| Petitioner, | Agency No. A213-075-610 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]
Seattle, Washington

Before: KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

Sigifredo Zarate-Dominguez (Zarate) petitions for review of an order from

the Board of Immigration Appeals (Board) dismissing his appeal of the denial of

asylum, withholding of removal, and relief under the Convention Against Torture.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and review for substantial evidence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), *as amended*.

1.      Unless Zarate raises a viable legal or constitutional question, we lack jurisdiction to review the denial of asylum and withholding of removal, because he was convicted of a particularly serious crime. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). He failed to do so.

Zarate's arguments effectively request this Court to reweigh the Board's determination, which we cannot do. *See id.* And to the extent Zarate's due process claim applies to the particularly serious crime determination, the claim fails. The Immigration Judge did not use Zarate's testimony to determine eligibility for relief. The Immigration Judge credited the testimony of Zarate's mother and brother, but gave it limited weight because it was based on information that had been received from others. Thus, the proceedings were not fundamentally unfair. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006).

As Zarate failed to present a viable legal or constitutional claim, the panel lacks jurisdiction to review the asylum and withholding of removal claims. *See Pechenkov*, 705 F.3d at 448.

2.      Substantial evidence supported the finding that Zarate failed to establish a clear probability of torture with the acquiescence of a public official.

Zarate's belief that his father would torture him was too speculative to sustain a claim of torture. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011). And Zarate submitted no evidence that the Mexican government would acquiesce in any torture by his father.

Zarate waived any argument regarding his failure to establish the likelihood of hospitalization upon his return to Mexico due to failure to address the issue in his Opening Brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). In addition, Zarate failed to demonstrate that the Mexican government created the conditions in mental health facilities with the specific intent to torture patients. *See Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008). Also, substantial evidence supported the finding that the Mexican government would not acquiesce to any torture, as the Mexican government has implemented measures to improve conditions for the mentally ill. *See id.*

**PETITION DISMISSED in part and DENIED in part**.