NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIODORO SANCHEZ SARABIA, | No. 19-70537 |
| Petitioner, | Agency No. A092-952-037 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Eliodoro Sanchez Sarabia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). Our

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, and we review for substantial evidence the agency's factual findings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

Because Sarabia was found removable due to his conviction for an aggravated felony, we lack jurisdiction to review the agency's discretionary determination that Sarabia's conviction constitutes a particularly serious crime that bars Sarabia from withholding of removal. *See* 8 U.S.C. § 1252(a)(2)(C); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012) (no jurisdiction to review particularly serious crime determination where there is no assertion of legal or constitutional error and the only challenge is that the IJ incorrectly weighed the facts). Thus, Sarabia's withholding of removal claim fails.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Sarabia failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (speculative possibility of torture does not establish eligibility for CAT relief).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**