NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICOLASA MENDOZA DE MARTINEZ,
AKA Nicholasa Martinez, AKA Nicolasa
Mendoza Peregrino,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   19-71611

Agency No. A023-036-463

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Nicolasa Mendoza de Martinez, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

Mendoza de Martinez does not raise, and therefore waives, any challenge to the BIA's determination that she failed to challenge the IJ's denial of asylum. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in the opening brief).

Because the agency found Mendoza de Martinez removable due to her convictions for a crime involving moral turpitude and a crime related to a controlled substance, our jurisdiction to review the agency's particularly serious crime determination is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012). To the extent Mendoza de Martinez challenges the agency's weighing of factors in its particularly serious crime determination, we lack jurisdiction to consider the contentions. *See Pechenkov*, 705 F.3d at 448-49. Thus, Mendoza de Martinez's withholding of removal claims fail. *See* 8 U.S.C. § 1231(b)(3)(B); 8 C.F.R. § 1208.16(d)(2).

19-71611

Substantial evidence supports the agency's denial of deferral of removal under CAT because Mendoza de Martinez failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).  We reject as unsupported by the record Mendoza de Martinez's contention that the agency failed to consider evidence or otherwise erred in its analysis of her claim.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**