**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO GERARDO MEDINA MARVILLA, <br><br>       Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>       Respondent. | No.   17-72817 <br><br> Agency No. A091-663-741 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:    SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Roberto Gerardo Medina Marvilla, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo the agency's legal conclusions and we review for substantial evidence the agency's factual findings.  *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  We dismiss in part and deny in part the petition for review.

To the extent Medina Marvilla challenges the IJ's removability determination, we lack jurisdiction to consider it.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not raised to BIA).

Because Medina Marvilla was found removable due to his conviction related to a controlled substance, our jurisdiction to review the agency's particularly serious crime determination is limited to colorable constitutional claims and questions of law.  *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012).  We reject Medina Marvilla's contention that the agency misapplied the law or otherwise erred in its particularly serious crime determination, where the agency relied on appropriate factors and conducted a case-specific inquiry.  *See Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) ("[W]e lack jurisdiction over the BIA's ultimate determination that [petitioner] committed a particularly serious crime . . . . But we retain jurisdiction to determine whether the BIA applied the correct legal standard." (internal citation and quotation marks omitted)); *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir.

17-72817

2007) (recognizing the "strong presumption" that drug trafficking offenses are particularly serious crimes and discussing the factors a petitioner must demonstrate to rebut that presumption).  We lack further jurisdiction to consider Medina Marvilla's contentions concerning the agency's conclusion that his conviction is a particularly serious crime.  *See Flores-Vega*, 932 F.3d at 884.  Thus, Medina Marvilla's asylum and withholding of removal claims fail.  *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Medina Marvilla failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).  We reject as unsupported by the record Medina Marvilla's contention that the agency ignored evidence or otherwise erred in its analysis of his CAT claim.  Finally, we lack jurisdiction to consider Medina Marvilla's argument that the IJ relied on a factual error to deny CAT relief, because it was not raised to the BIA.  *See Barron*, 358 F.3d at 677-78.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

17-72817