**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUILLERMO ERNESTO LAINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-71588

Agency No. A072-516-441

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Guillermo Ernesto Lainez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of law. *Pechenkov v. Holder*, 705 F.3d 444, 449 (9th Cir. 2012). We dismiss in part the petition for review.

Because Lainez was found removable due to his conviction for a crime involving moral turpitude, our jurisdiction to review the agency's particularly serious crime determination is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov*, 705 F.3d at 448-49. Lainez failed to exhaust his contentions of legal error in the particularly serious crime determination. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). To the extent he challenges the agency's weighing of factors, we lack jurisdiction to review it. *See Pechenkov*, 705 F.3d at 448-49 (no jurisdiction to review challenge that the agency incorrectly weighed the facts). Thus, Lainez's asylum and withholding of removal claims fail. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B); 8 C.F.R. § 1208.16(d)(2). In light of the disposition as to the particularly serious crime determination, we do not reach Lainez's contention concerning the timeliness of his asylum application. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (internal citation and quotation marks omitted)).

**PETITION FOR REVIEW DISMISSED.**