**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VASIL VUKAJ, | No. 21-688 |
| Petitioner, | Agency No.    A070-449-869 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE[***], District Judge.

Vasil Vukaj, a citizen of Albania, petitions for review of an order of the

Board of Immigration Appeals ("BIA") dismissing his appeal from the denial

by an Immigration Judge ("IJ") of his application for deferral of removal under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.  *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012).

Because the BIA adopted and affirmed the IJ's decision under *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), "we review the IJ's order as if it were the BIA's."  *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011) (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc)).  We review the agency's legal conclusions de novo, and its factual findings for substantial evidence.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citing *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)).  "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'"  *Id.* (quoting *Davila*, 968 F.3d at 1141).

1.     There is no indication that the agency failed to consider evidence relevant to its acquiescence analysis.  When assessing a CAT claim, the agency must consider all relevant evidence.  *Flores Molina v. Garland*, 37 F.4th 626, 639 (9th Cir. 2022) (citing 8 C.F.R. § 1208.16(c)(3)).  Almost all of the evidence that Vukaj argues the agency ignored was explicitly discussed in the IJ's decision, which the BIA adopted.  And while neither the IJ nor the BIA specifically mentioned evidence that the Albanian government may be motivated to underreport blood feud murders, the agency indicated that it considered competing evidence in the record regarding the prevalence of blood

feud murders in contemporary Albania. The agency need not "write an exegesis" on every piece of probative evidence in the record. *Vilchez v. Holder*, 682 F.3d 1195, 1201 (9th Cir. 2012) (quoting *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010)).

2.     Substantial evidence also supports the agency's determination that Vukaj did not show a likelihood that he would be tortured with the consent or acquiescence of the Albanian government by the family of the victim of a crime Vukaj committed decades ago. To demonstrate acquiescence, a petitioner must show that a "public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (quoting 8 C.F.R. § 208.18(a)(7)).

Vukaj's "generalized evidence" of widespread corruption in Albania "is not particular to [him] and is insufficient" to compel an acquiescence finding. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). So too is Vukaj's speculation that the wealthy family of his victim could suborn government officials, without any evidence that they have ever engaged in bribery or intend to do so. *See Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 440 (9th Cir. 2021).

And while Vukaj asserted that the police were aware of his brother Maraj's 1995 shooting but did not apprehend the shooter, the failure to make an arrest under such circumstances is not necessarily indicative of acquiescence.

*See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."). Vukaj also testified that he contacted the Albanian embassy on an unspecified date and they were "not very helpful[]." But Vukaj provided virtually no details regarding his communication with the embassy, and his testimony falls well short of compelling the conclusion that the government would acquiesce to his torture by his victim's family.

The agency considered the foregoing in light of country conditions evidence showing that the Albanian government has taken significant, recent steps to staunch the proliferation of blood feuds, punish perpetrators, and protect victims. Taken together, the evidence does not compel the conclusion that the Albanian government would acquiesce to efforts by the victim's family to harm Vukaj. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016).

Because the "failure to establish government acquiescence negates any potential for CAT relief," we do not address Petitioner's arguments regarding whether the victim's family still intends to harm him or could do so if he relocated to another part of Albania. *See Rodriguez-Jimenez*, 20 F.4th at 440 (citing *Villalobos Sura v. Garland*, 8 F.4th 1161, 1170 (9th Cir. 2021)).

3. The stay of removal remains in place until the mandate issues. The supplemental motion to stay removal is otherwise denied.

21-688

**PETITION FOR REVIEW DENIED.**