NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOCORRO OSUNA DE VILLA, | No. 17-71739 |
| Petitioner, | Agency No. A087-141-094 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Socorro Osuna de Villa, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo questions of law. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We dismiss in part and deny in part the petition for review.

Because Osuna de Villa was found removable for an offense involving moral turpitude and a crime related to a controlled substance, our jurisdiction to review the agency's particularly serious crime determination is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012). We reject as unsupported by the record Osuna de Villa's contentions that the agency violated her right to due process, considered improper evidence or otherwise erred in its analysis of her claims. *Bare v. Barr,* 975 F.3d 952, 964 (9th Cir. 2020) (all reliable information may be considered in making a particularly serious crime determination). Thus, her asylum and withholding of removal claims fail. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii); 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2).

Substantial evidence supports the agency's denial of CAT deferral of removal because Osuna de Villa failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

2                                                                    17-71739