NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL GUZMAN-ZUNIGA, | No. 23-463 |
| Petitioner, | Agency No. A205-713-923 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2024**
Pasadena, California

Before: BADE and FORREST, Circuit Judges, and CURIEL, District Judge.***

Petitioner Raul Guzman-Zuniga (Guzman), a native and citizen of Mexico,

seeks review of the Board of Immigration Appeals' (BIA) summary affirmance of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

his appeal from an Immigration Judge's (IJ) decision denying his applications for statutory withholding of removal and for relief under the Convention Against Torture (CAT). When "the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004). For the reasons explained below, we lack jurisdiction over Guzman's withholding of removal claims. Pursuant to 8 U.S.C. § 1252(a)(1), we have jurisdiction over his CAT claim, *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020), which we review for substantial evidence, *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). We dismiss in part and deny in part the petition.

1.      Under the so-called "criminal alien bar," when a petitioner "is removable by reason of having committed a [covered] criminal offense," we have jurisdiction to review only constitutional claims or questions of law. *Tapia Coria v. Garland*, 96 F.4th 1192, 1195 (9th Cir. 2024) (alteration in original) (quoting 8 U.S.C. § 1252(a)(2)(C)). A denial of withholding of removal falls within a final order of removal and is subject to the bar under § 1252(a)(2)(C) "unless an exception applies." *Id.* at 1201 n.3 (quoting *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012)). It is undisputed that Guzman was convicted of an aggravated felony, which is a criminal offense covered under § 1252(a)(2)(C). Thus, the IJ's order denying withholding of removal merged into the final order of removal and is subject to the criminal alien bar unless Guzman seeks "review of constitutional

claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We conclude that Guzman raises only questions of fact.

Guzman first challenges the IJ's imputed political opinion determination. The IJ rejected Guzman's claimed fear of future persecution based on an imputed anti-cartel political opinion because there was no evidence showing that the cartels "have a political agenda beyond that of criminality and the making of money," even though they "have assumed control or de facto control in" certain states and areas in Mexico. Thus, "resistance of their operations" would not be "political activities." The IJ's conclusion was a factual finding. *See Regalado-Escobar v. Holder*, 717 F.3d 724, 730 (9th Cir. 2013) (remanding for the IJ to determine the "factual issues" of whether an organization's violent activities "were in furtherance of the [organization]'s politics or merely apolitical acts of violence" and "the extent to which violence is characteristic of the [organization]'s political activities"). Therefore, Guzman's challenge to the IJ's imputed political opinion determination raises questions of fact, and the criminal alien bar precludes our review.[1]

---

[1] Guzman's alternative argument that the IJ engaged in impermissible speculation by concluding that Guzman could avoid having a political opinion imputed to him by avoiding the cartels relies on a misinterpretation of the IJ's order. The IJ concluded that if Guzman "were forced to avoid such groups to act to protect his own safety," it disagreed that such avoidance would be "interpreted to be a political opinion or would result in the imputation of a political opinion to

Guzman also challenges the IJ's findings that his proposed particular social groups (PSGs) are not cognizable for lack of particularity and lack of social distinction in Mexican society. We have held that the agency's "conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020). Thus, Guzman's challenge to the IJ's finding that his PSGs lack social distinction raises a question of fact over which we do not have jurisdiction. And because social distinction is one of the three factors required to establish a PSG, *Andrade v. Garland*, 94 F.4th 904, 910–11 (9th Cir. 2024), we cannot grant the petition. We dismiss the petition for lack of jurisdiction as to the withholding of removal claims.

2.     To obtain CAT relief, "[t]he record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023); *see* 8 C.F.R. § 208.16(c)(2). In addition, "the torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003) (emphasis omitted) (quoting 8 C.F.R. § 208.18(a)(1)).

---

him." Guzman does not argue the IJ's conclusion—that avoiding cartels would not be interpreted as a political opinion—was unreasonable.

The IJ's conclusion that Mexican citizens generally suffer indiscriminate cartel or gang violence is supported by substantial evidence. And the record does not compel the conclusion that Guzman "faces a[] particularized risk of torture" that is "higher than that faced by all Mexican citizens." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022). Moreover, Guzman's contention that he will be tortured at the border upon removal relies on a hypothetical chain of events. But Guzman did not establish that "each link" in the "hypothetical chain of events . . . is more likely than not to happen." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Matter of J-F-F-*, 23 I. & N. Dec. 912, 917 (A.G. 2006)). Even assessing the aggregate risk of torture based on the general state of violence in Mexico and the possibility of violence at the border, *id.* at 1156, the record does not compel the conclusion that Guzman is more likely than not to be tortured upon removal to Mexico, *see Park*, 72 F.4th at 980.

Lastly, the record does not compel the conclusion that any torture Guzman may face in Mexico would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Substantial evidence supports the IJ's conclusion that the Mexican government is working with the United States government to place "deported Mexicans deeper inside the

territory of Mexico in an effort to avoid the border violence." We deny the petition for review as to the CAT claim.

The temporary stay of removal remains in place until the mandate issues. The motions for a stay of removal (Dkts. 3, 8) are otherwise denied.

**PETITION DISMISSED IN PART AND DENIED IN PART.**