**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JULIO GOMEZ RIVERA, | No. 24-1380 |
| Petitioner, | Agency No. A078-064-865 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 25, 2025**
Pasadena, California

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District
Judge.***

Petitioner Julio Gomez Rivera is a native and citizen of El Salvador. He

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeremy D. Kernodle, United States District Judge for
the Eastern District of Texas, sitting by designation.

1

affirming an Immigration Judge's ("IJ") denial of withholding of removal and protection under the Convention Against Torture ("CAT"). As explained below, we have partial jurisdiction pursuant to 8 U.S.C. § 1252. We dismiss the petition in part and deny it in part.

When "the BIA agree[s] with the IJ's reasoning and add[s] some of its own, we review the BIA's decision and those parts of the IJ's decision upon which it relied." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). When the BIA defers to the IJ and does not perform an independent review of an issue, "we review the IJ's decision." *Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1095 (9th Cir. 2005). Factual findings are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)).

While Petitioner raises several arguments that the BIA did not address, "[o]ur review is limited to those grounds explicitly relied upon by the [BIA]." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).

1. The BIA affirmed the IJ's determination that Petitioner is ineligible for withholding of removal because he has a conviction for making criminal threats, which the BIA and IJ found to be a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(ii). While we "lack jurisdiction over the BIA's ultimate

2

determination that [Petitioner] committed a particularly serious crime," *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (quoting *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019)); *see* 8 U.S.C. § 1252(a)(2)(C), we may "determine whether the BIA applied the correct legal standard," *Bare*, 975 F.3d at 961 (quoting *Flores-Vega*, 932 F.3d at 884); *see* 8 U.S.C. § 1252(a)(2)(D). Our review is narrow, "limited to ensuring that the agency relied on the 'appropriate factors' and 'proper evidence' to reach this conclusion." *Bare*, 975 F.3d at 961 (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)).

Insofar as Petitioner raises factual challenges to the BIA's "particularly serious crime" determination, asking us to reweigh the factors, we dismiss the petition for lack of jurisdiction. *See Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021) (dismissing request "for a re-weighing of the factors" (quoting *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012))).

Petitioner also asserts that "the IJ's analysis does not consider whether Petitioner would be . . . a danger to the community," a statutory requirement, *see* 8 U.S.C. § 1231(b)(3)(B)(ii), and he appears to argue that the IJ failed to "consider evidence of [his] mental health during the commission of the crime," a potentially relevant factor, *see Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018). But the IJ acknowledged that "dangerousness" is "the pivotal standard by which the particularly serious crimes are judged," and as the BIA explained, the IJ

"appropriately considered that [Petitioner] was diagnosed with bipolar disorder and to what extent, if any, that condition played in [his] offense." Because the agency considered the appropriate factors and evidence, we deny the petition insofar as Petitioner claims otherwise.

2. Substantial evidence supports the BIA's determination that Petitioner failed to establish that he would face torture by or with the acquiescence of a government official. "To be eligible for relief under CAT, an applicant bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (citing *Avendano-Hernandez*, 800 F.3d at 1078–79).

Because it is undisputed that Petitioner likely will be detained by the Salvadoran government upon arrival, the dispositive inquiry here is whether it is more likely than not Petitioner will face torture in government custody in a Salvadoran prison. The record does not compel the conclusion that the Salvadoran government specifically intends to inflict severe pain or suffering upon Petitioner while he is in prison. *See Benedicto*, 12 F.4th at 1064 (explaining that "'generalized evidence of violence and crime' in a country that 'is not particular to the Petitioner is insufficient to meet the standard' for deferral of removal under CAT" and that petitioners "must show that severe pain or suffering was specifically

4

intended" (cleaned up) (first quoting *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); and then quoting *Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008))). While Salvadoran prisons may suffer from problems such as overcrowding, general poor conditions alone are insufficient to obtain CAT relief. *See Villegas*, 523 F.3d at 989 (holding that although Mexican mental patients were "housed in terrible squalor," nothing indicated that Mexican officials created those conditions for the specific purpose of inflicting suffering upon patients). Petitioner's reliance on isolated instances of torture in Salvadoran prisons similarly fails to compel CAT relief without further evidence explaining why it is more likely than not that Petitioner is at risk of a similar fate. *See Benedicto*, 12 F.4th at 1065 ("Simply pointing to evidence of instances of torture, without more, cannot establish that [Petitioner] himself would 'more likely than not' be tortured on removal."). The record, moreover, supports the IJ's finding that rather than acquiesce to poor prison conditions, the Salvadoran government is working to improve conditions by building a new prison facility to ease overcrowding. Accordingly, substantial evidence supports the BIA's conclusion, and we deny the petition as to the CAT claim.

**PETITION DISMISSED IN PART AND DENIED IN PART.**