FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WAYNE ST. AUBYN WILLIAMS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7068

Agency No.
A078-628-599

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025[**]
Pasadena, California

Before: GILMAN,[***] WARDLAW, and KOH, Circuit Judges.

Wayne St. Aubyn Williams, a native and citizen of Jamaica, petitions for

review of a decision by the Board of Immigration Appeals (BIA) dismissing his

appeal of an order by an Immigration Judge (IJ) that denied his application for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. In his opening brief, Williams does not challenge the BIA's denial of his claims for asylum and for protection under the CAT. Those issues are therefore waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) (holding that "this court will not ordinarily consider matters 'that are not specifically and distinctly argued in appellant's opening brief'" (quoting *Koerner v. Grigas*, 328 F.3d 1039,1048 (9th Cir. 2003))).

2. Williams's sole challenge is to the BIA's denial of his claim for withholding of removal. He argues that the BIA erred in determining that his prior armed-robbery conviction was a "particularly serious crime" that rendered him ineligible for withholding. Williams's challenge is without merit.

An alien is ineligible for withholding of removal if he has been convicted of a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(ii). The BIA had discretion to determine whether Williams's armed-robbery conviction—an aggravated felony that resulted in imprisonment of less than five years—was particularly serious. *See* 8 U.S.C. § 1231(b)(3)(B). "In evaluating whether a crime is particularly serious, the BIA considers the *Frentescu* factors: (1) the nature of the conviction, (2) the type of sentence imposed, and (3) whether the

circumstances and underlying facts of the conviction 'justify the presumption that the convicted immigrant is a danger to the community.'" *Chmukh v. Garland*, 124 F.4th 670, 678 (9th Cir. 2024) (quoting *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011)) (citing *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (B.I.A. 1982)).  We review the BIA's determination under the abuse-of-discretion standard.  *Hernandez v. Garland*, 52 F.4th 757, 765 (9th Cir. 2022).  "Under that standard, we are limited to ensuring that the agency relied on the appropriate factors and proper evidence, and we may not reweigh the evidence and reach our own determination about the crime's seriousness."  *Id.* (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)) (internal quotation marks omitted).

Here, the BIA considered each of the *Frentescu* factors and concluded that Williams's armed-robbery conviction was particularly serious because (1) the crime was of a "violent nature . . . where one of [Williams's] partners beat a robbery victim over the head with a handgun," (2) the crime was an aggravated felony that resulted in a "sentence of between 2½ to 3½ years imprisonment," and (3) Williams's conviction was undisputed because he pleaded guilty and agreed to the facts of the crime.  Because the BIA applied the correct legal framework and based its decision on proper evidence, we find no abuse of discretion.

Williams nonetheless contends that the BIA erred by ignoring certain "ameliorating circumstance[s]" when applying the *Frentescu* factors, including his reluctance to participate in the armed robbery, his age at the time of the crime, the elapsed time since then, and his lack of danger to the community. But the record shows otherwise. The BIA explained that the IJ had "listed all the documentary evidence submitted and confirmed that she had considered the evidence." Furthermore, the BIA did consider the "ameliorating circumstance[s]" identified by Williams by explicitly "recogniz[ing his] testimony that he was unaware that a robbery was going to occur until he arrived at the location," his "record of conviction," and his "sentencing information," but ultimately concluded that Williams's crime was particularly serious in spite of these considerations.

Williams is in effect asking us to "reweigh the evidence and reach our own determination about the crime's seriousness." *See Hernandez*, 52 F.4th at 765 (quoting *Avendano-Hernandez*, 800 F.3d at 1077). We lack jurisdiction to do so. *See Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021) (holding that this court lacks "jurisdiction to review a particularly-serious-crime determination where the challenge is that the agency incorrectly assessed the facts" (quoting *Pechenkov v. Holder*, 705 F.3d 444, 448–49 (9th Cir. 2012)) (cleaned up)).

24-7068

**PETITION DENIED.** And because we deny Williams's petition for review, his pending motion for a stay of removal is also **DENIED** as moot. The temporary stay of removal shall remain in place until the mandate issues.